IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WILLMS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3354-G-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, Doc. 5, this case has been referred to the undersigned for pretrial management. Before the Court is *Defendant's Motion to Dismiss*, Doc. 6, and *Plaintiff's Motion for Summary Judgment*, Doc. 11. For the reasons the follow, it is recommended that Defendant's motion be **GRANTED** and Plaintiff's motion be **DENIED AS MOOT**.

**I.   BACKGROUND[1]**

This case is the latest chapter in a long history of litigation initiated by Plaintiff seeking redress for the allegedly faulty repairs performed on his car. Doc. 1-6 at 13. In 1996, Plaintiff sued his repairman and repair shop in Dallas County justice court "alleging damage to his car as a result of poor workmanship." Doc. 1-6 at 13-14. After a bench trial, that court entered judgment for Defendant. Doc. 1-6 at 14. Multiple lawsuits have followed -- initially Plaintiff filed additional lawsuits against the repairman and repair shop, but as his losses in court started stacking up, Plaintiff began to name as defendants the United States and other governmental entities under the mistaken premise that such entities are "liable for the actions" of state and federal judges who ruled against him. Doc. 1-6 at 14-15.

---

[1] The Court draws the background of the case from Judge Kaplan's previous *Findings, Conclusions, and Recommendations* in Case No. 11-CV-2958, both included as attachments to Plaintiff's petition and located in the record at Doc. 1-6 at 13-21 & 22-24.

1

- In 2010, Plaintiff brought a derivative suit in this Court, which was dismissed at the pleading stage.  *Willms v. Texas (Willms I)*, No. 10-CV-0374-B, 2010 WL 3199783 (N.D. Tex. 2010) (Kaplan, M.J.), *adopted by* 2010 WL 3199786 (Boyle, J.).  Plaintiff was warned that sanctions might be imposed if he continued to file lawsuits challenging the "conduct of any litigation related" to the repairs made to his car.  2010 WL 3199783 at *4.

- In 2011, Plaintiff filed another action in this Court, again suing the repairman and the repair shop, as well as state and local entities, and the United States government for the conduct of the judicial officers presiding in *Willms I*; that case was also dismissed.  *Willms v. United States (Willms II)*, No. 11-CV-2958-M, 2011 WL 6935337 (N.D. Tex.) (Kaplan, M.J.), *adopted by* 2011 WL 6934967 (Lynn, J.).  The Court found that Plaintiff's claims were non-cognizable as to Dallas County and barred by *res judicata* as to the other non-federal entities, and recommended that a $500 sanction be imposed.  Doc. 1-6 at 17-18.  Subsequently, the Court found that Plaintiff's claims against the United States were barred by both sovereign immunity and failure to comply with the Federal Tort Claims Act as to the United States.  Doc. 1-6 at 23-24.

- In 2013, Plaintiff filed a lawsuit in state court against the same parties, including the United States, which was removed to this Court and dismissed on the basis of *res judicata* and for Plaintiff's failure to pay his previous sanction.[2]  *Willms v. United States (Willms III)*, No. 13-CV-1883-B, Dkt. 8 at 2-3 (N.D. Tex. 2013) (Boyle, J.).

The instant case was filed in state court by Plaintiff on August 13, 2014, and subsequently removed by the United States, the sole defendant, to this Court.  Doc. 1; Doc. 1-6.  Plaintiff alleges, *inter alia*, that the Court was grossly negligent in its adjudication of his previous claims, and he seeks monetary damages.  Doc. 1-6 at 11.  The United States has moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff has moved for summary judgment.  Doc. 6; Doc. 11.

---

[2]  Plaintiff still has not paid the $500 sanction.

2

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

Generally, a party cannot premise a motion to dismiss under Rule 12(b)(6) on the affirmative defense of *res judicata*.  *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir. 1977).  However where, as here, the elements of *res judicata* are apparent from the pleadings and matters of which the Court may take judicial notice, dismissal pursuant to Rule 12(b)(6) is appropriate.  *Kan. Reinsurance Co. v. Mktg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citations omitted); *Lexxus Int'l, Inc. v. Loghry*, 512 F. Supp. 2d 647, 668-69 (N.D. Tex. 2007) (Lindsay, J.).  The Court may take notice of the judicial record in prior related proceedings.  *Reneker v. Offill*, No. 08-CV-1394, 2010 WL 1541350 at *5 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (citing *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995).

## III.  DISCUSSION

It is obvious from the face of Plaintiff's petition that his claim is barred by *res judicata*. The rule of *res judicata*, or claim preclusion, "bars litigation of claims that either have been litigated or could have been raised in an earlier suit." *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of

competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* On multiple occasions Plaintiff has filed claims against the United States and other entities in state and federal court, each time seeking to vindicate what he deems is an unjust adjudication of his suit against the repair shop. In 2010, this Court rejected as barred Plaintiff's challenge to the conduct of litigation related to the repairs made to his car. Plaintiff's claims twice since have been rejected by this Court -- and this recommendation is no different. Plaintiff again seeks to challenge the Court's findings in *Willms II*, but the only proper challenge was a direct appeal, which Plaintiff never filed. Thus, Plaintiff's claim should be dismissed as barred by *res judicata*.

Plaintiff has repeatedly abused the power and process of the Court. While he has been sanctioned by this Court, as long as he continues to initiate his suits in state court and the government exercises its right to remove the case to this Court, the Court cannot enforce its previously-imposed sanctions upon filing here. Assuming Plaintiff again attempts to pursue his claims in state court, the government may wish to consider seeking a sanctions order from the state court also limiting Plaintiff's ability to initiate a lawsuit there re-litigating these same issues.

## IV.   LEAVE TO AMEND

Ordinarily, the Court would recommend that Plaintiff be permitted to amend his complaint to cure the pleading defects identified by the United States. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (holding that a district court should allow the plaintiff at least one opportunity to cure pleading deficiencies "unless it is clear that the defects are incurable"). The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393

F.3d 590, 595 (5th Cir. 2004). Here Plaintiff's claims have already been repeatedly adjudged and deemed precluded by this Court. Consequently, granting leave to amend would be futile and cause needless delay. See *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## V.  CONCLUSION

Accordingly, it is recommended that *Defendant's Motion to Dismiss*, Doc. 6, be **GRANTED**, and *Plaintiff's Motion for Summary Judgment*, Doc. 11, be **DENIED AS MOOT**. Plaintiff's complaint should be **DISMISSED WITH PREJUDICE** and this case closed.

**SO RECOMMENDED** on February 13, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE